## CARNIVAL CRUISE LINES, INC., et al. v SEAPORT TERMINALS, INC.

Case No. 86-305AP (County Court Case No. 85-12491CC05)

Eleventh Judicial Circuit, Appellate Division, Dade County

August 21, 1987

### APPEARANCES OF COUNSEL

**Philip J. Fairman** for appellant.

**Thomas L. David** for appellee.

Before BARAD, SHAPIRO, KORNBLUM, JJ.

### OPINION OF THE COURT

PER CURIAM.

This was an action for services rendered by the Plaintiff/Appellee Seaport Terminals, Inc. vs. Defendant/Appellant Carnival Cruise Lines, Inc. for debts incurred by Caribbean Container Lines, Inc., a subsidiary of Carnival. The case was tried without a jury before Judge

James A. Rainwater, resulting in a judgment in favor of the Plaintiff and against the Defendant.

Briefly, the facts are that an agent for Caribbean, doing business under the name of Concord-Nopal Lines, arranged for Seaport to trailer Concord's freight. The agent advised Seaport that they represented Concord and that Concord was owned by Carnival, who is, in fact, the sole shareholder. When Concord/Caribbean failed to pay for shipping services rendered by Seaport, the Plaintiff instituted this action.

The question presented on appeal is whether the relationship between Carnival and Caribbean was of a type whereby Carnival is obligated to pay for the debts of Caribbean.

In *Dania Jai-Alai Palace, Inc. v. Skyers*, 450 So.2d 1114 (Fla. 1984), the Supreme Court of Florida held that the corporate veil could not be pierced unless it is shown that the one business entity was the instrumentality or alter ego of the other and that the relationship was created or used in order to mislead and defraud creditors. Appellant offered and proved that Carnival and Caribbean were two separate and distinct corporations and operated as such in every respect. The trial court relied on Appellee's evidence that Caribbean stationery lists Carnival as the parent company. This fact is not sufficient enough to pierce the corporate veil by creating a single entity and an obligation under the *Dania* standard. Therefore, the trial court erred in its finding for the Plaintiff and we therefore:

Reverse and Remand to the trial court for the entry of a Judgment consistent herewith.